UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BABYLON LANDFILL JOINT DEFENSE
GROUP,

        Plaintiff,

      v.

1042 COLLISION REPAIRS, INC., *et al.*,

        Defendants.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**
11-CV-5387 (PKC) (ARL)

PAMELA K. CHEN, United States District Judge:

  Babylon Landfill Joint Defense Group ("Plaintiff") filed the instant motions (Dkt. 428-440) ("Plaintiff's Motions") for the entry of damages awards against the Defaulting Defendants (herein defined) pursuant to Federal Rule of Procedure ("FRCP") 55(b)(2). Specifically, Plaintiff seeks damages based on a per capita allocation among the Defaulting Defendants of the response costs incurred by Plaintiff at the Babylon Landfill Site, plus pre-judgment interest, which amounts to $20,008.24 per Defaulting Defendant. (Dkt. 428-440). For the reasons set forth below, Plaintiff's motion is granted.

I.  Background

  The disposal of certain wastes at the Babylon Landfill Site ("Site") in Babylon, New York between 1947 and 1993 caused a release of hazardous substances. The state of New York incurred over $25 million in response costs at the Site and asserted claims against various potentially responsible parties ("PRPs") for recovery of these costs. Pursuant to the Consent Decree entered on February 22, 2011 in *State of New York, et al. v. town of Babylon, et al.*, No. 11-CV-0405 (LDW) (WDW), slip op. at 7, Plaintiff, an unincorporated association representing eight of the 184 PRPs, made three payments totaling $3,400,000.00 toward New York's response costs at the Site. (*See* Dkt. 441, Exs. A, B, C.) From January 2003 through November 2008,

Plaintiff also incurred $209,164.32 in PRP search costs, which are closely tied to the response actions at the Site. (*See id.*, Exs. A, B.)

Plaintiff commenced this action on November 3, 2011, seeking contribution from the 176 other PRPs pursuant to the provisions of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §9601, *et seq.* ("CERCLA"). Plaintiff settled with 162 PRPs (collectively "Settling "Defendants") and, on October 24, 2012, the Court granted default judgment against the following 14 Defendants pursuant to FRCP 55(a) because each Defendant failed to respond to Plaintiff's complaint: Abra-Ka-Data Systems, Ltd. (Dkt. 303); Alpine Car Center, Inc. (Dkt. 304); BOA Construction Associates, Inc. (Dkt. 305); Carr-Met Industries, Inc. (Dkt. 306); E.G.I. Components, Inc. (Dkt. 307); Farmingdale Carting, Inc. (Dkt. 309); FCI Carting, Inc.[1] (Dkt. 44); Imperial Diesel, Inc. (Dkt. 310); Lee Myles North American Transmissions Group LLC (Dkt. 311); Mount Avenue Shell (Dkt. 312); Nijon Tool Co. (Dkt. 313); Romar Refuse Removal Corp. (Dkt. 315); Signmasters, Inc. (Dkt. 316); and Standard Industrial Works, Inc. (Dkt. 318) (collectively "Defaulting Defendants"). The Court reserved the issue of damages until a later date.

Plaintiff now requests $20,008.24 from each of the 14 Defaulting Defendants, based on a per capita distribution of Plaintiff's total damages among all 184 PRPs. (Dkt. 428-440, 441 at 5.) Plaintiff arrives at this amount by adding together its three payments toward New York's response costs ($3,400,000.00), its recoverable PRP search costs ($209,164.32), and the applicable pre-judgment interest ($72,351.55), which equals $3,681,515.87 in total damages, and

---

[1] Defendant FCI Carting, Inc., ("FCI Carting") filed its Answer on September 25, 2012 (Dkt. 228). However, FCI Carting subsequently abandoned its defense of this case. For the reasons set forth in Plaintiff's July 29, 2014 letter motion (Dkt. 443), the Court struck FCI Carting's Answer, and directed the Clerk of the Court to enter a notation of default against FCI Carting. (See Orders dated August 1, 2014.)

then dividing that amount by 184—the total number of PRPs—to reach $20,008.24. (Dkt. 441 at 4-5, Ex. B; *see also* 42 U.S.C. §9607(a)(4) (describing how interest is calculated in a CERCLA contribution claim)).

II. Discussion

*1. An FRCP 55(b)(2) Hearing To Determine Damages Is Unnecessary*

FRCP 55(b)(2) provides that a court "may conduct hearings . . . to determine the amount of damages." *Id.* (emphasis added). The Court, in its discretion, need not hold a hearing "as long as it ensure[s] that there [i]s a basis for the damages specified in a default judgment." *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).[2]

Here, Plaintiff's Motions, supported by its accompanying memorandum (Dkt. 441) and the documentary evidence in this case, provide a sufficient "basis for the damages specified in a default judgment [against the Defaulting Defendants]." *Fustok,* 873 F.2d at 40. The total amount of damages claimed by Plaintiff ($3,681,515.87) is the sum of Plaintiff's response costs (payments that have already been made) plus pre-judgement interest, both of which are conclusively established by the record (Dkt. 441 at 4-5; Ex. B.) As such an inquest to "establish the truth" behind Plaintiff's claimed total damages is unnecessary. *See* FRCP 55(b)(2)(C).

The question here, rather, is how those damages should be apportioned among the Defaulting Defendants. Plaintiff requests that their damages be allocated on a per capita basis among each of the 14 Defaulting Defendants, resulting in each one paying $20,008.24. Plaintiff claims that it does not have access to the evidence necessary to support a determination of the

---

[2] Note, however, that the Court convened a hearing with Plaintiff's counsel on July 10, 2014 to ensure that the amount requested by Plaintiff's will not result in a windfall. (*See* Minute entry dated July 10, 2014.) For the reasons set forth on the record during that conference, and those set forth herein, the Court is satisfied that the Plaintiff's will recover no more than they are equitably entitled to recover.

proportionate share of each Defaulting Defendant because the Site records are incomplete, all active defendants who did not default have already settled with Plaintiff, and most available evidence is in the exclusive possession of each Defaulting Defendant. (Dkt. 441 at 3-4). Without such evidence, a hearing to "conduct an accounting" or "determine the amount of damages" would not increase the chances of an equitable distribution of damages and is thus unnecessary. FRCP 55(b)(2)(A)-(B).

   2. *Damages Allocated on a Per Capita Basis*

In resolving CERCLA contribution claims, "the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." 42 § 9613(f)(1). The Second Circuit has not set a forth a definitive list of factors for district courts to consider when apportioning damages in such CERCLA cases. Indeed, allocation is an "equitable determination based on the district court's discretionary selection of the appropriate equitable factors in a given case." *Goodrich Corp. v. Town of Middlebury*, 311 F.3d 154, 170 (2d Cir. 2002). District courts within the Circuit have taken differing approaches to equitable distribution of remedial costs under CERCLA, depending upon the particular circumstances presented. *See, e.g., New York State Elec. & Gas Corp. v. FirstEnergy Corp.*, 808 F.Supp.2d 417, 529-30 (N.D.N.Y. 2011); *see also New York v. Solvent Chemical Co., Inc.*, 685 F.Supp.2d 357 (W.D.N.Y. 2010) (*rev'd on other grounds*). Here, Plaintiff suggests that the most equitable solution is that each Defaulting Defendant be made to pay a per capita share ($20,008.24) of Plaintiff's total damages ($3,681,515.87).

The Court finds a per capita apportionment to the Defaulting Defendants for Plaintiff's total damages is appropriate under the circumstances of this case. First, the dearth of evidence means there is no way for the Court to divide Plaintiff's damages in a way that is more likely to

4

be consistent with the Defaulting Defendants' proportionate shares of responsibility than the per capita approach. Second, the per capita allocation is minimal enough ($20,008.24) that none of the Defaulting Defendants are likely to shoulder a heavily disproportionate share of responsibility. Third, a per capita allocation among the Defaulting Defendants prevents a windfall for Plaintiff because the aggregate amount Plaintiff has collected from the 162 Settling Defendants is less than the amount that it would have received from a per capita allocation among those PRPs ($3,241,334.88, or 162 x $20,008.24).[3] Fourth, the "two main purposes of CERCLA" are "prompt cleanup of hazardous waste sites and imposition of all cleanup costs on the responsible part[ies]." *Meghrig v. KFC W., Inc.,* 516 U.S. 479, 483 (citations and quotation marks omitted). Penalizing a plaintiff that does not have access to evidence in the defendants' exclusive possession would contravene CERCLA's twin aims by incentivizing defendants to default and deterring plaintiffs from suing for contribution in the future.

Therefore, the Court finds each Defaulting Defendant liable for its per capita share of Plaintiff's total response costs, which is $20,008.24.

III. Conclusion

Accordingly, the Court GRANTS Plaintiff's motions for damages against each Defaulting Defendant in the amount of $20,008.24 plus post-judgment interest on all amounts awarded until paid at the applicable statutory rate.

---

[3] In CERCLA cases with multiple defendants where some defendants have settled with the plaintiff but not others, such settlements "reduce[] the potential liability of the others by the amount of the settlement[s]." 42 U.S.C. 9613(f)(2). Pursuant to the proposed per capita allocation, the 14 Defaulting Defendants collectively will be paying *less* than they would have paid if the total amount received from the Settling Defendants was used to reduce the potential liability of the Defaulting Defendants—as opposed to an across-the-board per capita apportionment of damages among all 184 PRPs—before allocating the remaining damages on a per capita basis among the Defaulting Defendants. At the July 10, 2104, conference, the Court verified that the aggregate amount Plaintiff collected from the 162 Settling Defendants was less than $3,241,334.88 (162 x $20,008.24).

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: August 26, 2014
Brooklyn, New York